**Entered on Docket**
**February 7, 2025**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: February 7, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 22-30028-DM |
| E. LYNN SCHOENMANN, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| STUART SCHOENMANN, in his | ) Adversary Proceeding |
| capacity as executor of the | ) No. 22-03105-DM |
| estate of Donn R. Schoenmann, | ) |
| | ) Consolidated with Adv. Proc. |
| Plaintiff, | ) No. 24-03035-DM |
| | ) |
| v. | ) |
| | ) |
| E. LYNN SCHOENMANN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| E. LYNN SCHOENMANN, | ) Adversary Proceeding |
| | ) No. 24-03035-DM |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM DECISION ON MOTION** |
| | ) **FOR STAY PENDING APPEAL** |
| STUART SCHOENMANN, Individually | ) |
| and as Executor of the Probate | ) |
| Estate of Donn R. Schoenmann, | ) |
| CELESTE LYTLE; BETH SCHOENMANN; | ) |
| and COLETTE SIMS, | ) |
| | ) |
| Defendants. | ) |

-1-

# I. INTRODUCTION.

Creditor and state court Petitioner Stuart Schoenmann, both as executor of the Estate of Donn Schoenmann and individually, together with creditors and state court Petitioners Celeste Lytle, Beth Schoenmann, and Colette Sims (collectively "Appellants"), appealed five of this court's orders on December 19, 2024 ("the five orders").

The five orders were entered in the main case, *In re E. Lynn Schoenmann,* Case No. 22-30028 and two of them were also entered in A.P. No. 24-03035 (respectively, the "Main Case" and "Adversary Proceeding"). After filing notices of appeal, Appellants filed virtually identical motions for stay pending appeal (the "Motion") in both the Main Case and the Adversary Proceeding. The appeals are now designated in the United States District Court under Case No. 3:25-cv-00142-EMC and Case No. 3:25-cv-00504-EMC. The Motion requests that the court "stay all proceedings between and/or concerning the (sic) themselves and E. Lynn Schoenmann ("Debtor") until these appeals are finally decided." Adversary Proceeding, Dkt. 24, P. 1.[1]

Appellants did not specifically request a stay of any of the five orders, but rather seek to suspend essentially all bankruptcy proceedings pending the appeal of the five orders pursuant to Fed. R. Bankr. P. ("Rule") 8007(a)(1)(D) (though no parties cite to any part of this Rule). A suspension of all

---

[1] The Motion filed the Main Case is identical to what is quoted above, except that the Appellants refer to themselves as "Petitioners" rather than "themselves."

-2-

bankruptcy proceedings concerning the Appellants would include the stay of the effect of some, but not all, of the five orders, and it is unclear to the court even now what the Appellants expect the court to do about parts of those orders that took effect prior to the filing of the Motions.

For the reasons that follow, the court will DENY the Motion.

## II.    The Five Orders.

On November 19, 2024, the court entered an order ("first order") (Main Case, Dkt. 614) approving the Chapter 7 Trustee's motion to abandon and dispose of certain personal property located at real property in Idyllwild, CA, and one painting located in Arizona ("Arizona Painting").  That order was not stayed.  As to the personal property located in Idyllwild, it is the court's understanding that the Trustee worked with Appellants on two separate occasions to walk through and collect personal property that Appellants claim is property of Donn Schoenmann's probate estate.  It is also the court's understanding that the Trustee worked with Anna Schoenmann, Debtor and Donn Schoenmann's adult daughter, to collect what amounted to twelve items that were either Anna's separate personal property, or property not collected by Appellants on previous visits.

On December 9, 2024, the court issued an order that denied a renewed motion for relief from stay previously filed by Appellants ("second order") (Main Case, Dkt. 629).  On the same day, it entered an order ("third order") (Main Case, Dkt. 630) authorizing the Chapter 7 Trustee to abandon Debtor's inherited

-3-

IRA and two required minimum distributions and to remit one required minimum distribution, subject to the court's prior Sequestration Orders (Main Case, Dkts. 156, 315), which restrain Debtor from accessing or using those funds until further order and explicitly does not disturb any other party's asserted rights to the money. That order was not stayed.

On December 11, 2024, the court issued a further order regarding the Arizona Painting ("fourth order") (Main Case, Dkt. 631) that permitted either the Debtor to cover costs for delivery of the Arizona Painting, or permitted Trustee to dispose of the painting entirely. On the same day, it issued an order consolidating Adversary Proceeding No. 24-03035 with Adversary Proceeding No. 22-03105 ("fifth order") (Main Case, Dkt. 632). That order was not stayed.

Appellants do not request a stay of any of the five orders specifically.[2] In the interest of completeness, however, the court notes that there is nothing of substance to stay regarding these five orders.

The first order allowed the Trustee to do what he has subsequently done prior to Motions, and nothing related to that order can be stayed. Appellants did not seek to enjoin any actions that may be taken subsequent to the order, and actively participated in disposal property after the order took effect.

To stay the second order denying a prior motion for relief from stay is to do nothing.

---

[2] The Motion does not invoke Rule 8007(a)(1)(A), that deals with "a stay of the bankruptcy court's judgment, order, or decree pending appeal;"

-4-

The third order, as noted above, has already taken effect, and continues to restrain Debtor from accessing or using those funds until further order and explicitly does not disturb any other party's asserted rights to the money.

The fourth order has also taken effect.  The court cannot stay events that have already taken place and that Appellants have not sought to enjoin Debtor from doing anything with the Arizona painting.

Finally, as to the fifth order, while the court could treat the two consolidated adversary proceedings as separate pending appeal, there would simply be no practical effect. The consolidation is simply a streamlining of related adversary proceedings so they could be administered as one matter rather than two, in terms of scheduling and briefing.  Even if the court were to stay the consolidation, it could still proceed to administer the two separate adversary proceedings in tandem for efficiency purposes, and parties would file identical briefs in two proceedings as opposed to one.

For all of these reasons, the Motion will be denied as to the five orders.

## III.    Factors for Stay/Suspension Pending Appeal.

What appears to be the true substance of Appellants' request is the requested suspension of administration of nearly every aspect of this bankruptcy through Rule 8007(a)(1)(D) until the appeals of the five orders (which, as noted, are discrete and have little or nothing to do with Appellants overall arguments regarding the Probate Exception) are resolved.

-5-

Granting such sweeping relief under the rubric of a motion for stay pending appeal of specific orders, while contemplated in Rule 8007(a)(1)(D) and (e), is uncommon.

Motions to stay a proceeding pending appeal (and certainly suspension of matters beyond the order(s) on appeal) are highly discretionary and should only be exercised when "irremediable injury may result from the effect of the decree" and should be "sparingly employed and reserved for the exceptional situation." *In re Wymer*, 5 B.R. 802, 806 (BAP 9th Cir. 1980).

Parties seeking a stay pending appeal must make a showing under four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 433-34 (2009).

As to the first factor, Appellants have not shown that they are likely to succeed on the merits of the appeal. The court has previously discussed in multiple of its orders that the probate exception of *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006), has been waived by the Appellants by their full-throated participation in the bankruptcy for years, via multiple adversary proceedings, including a nondischargeability proceeding, exemption objections, and other acts. Further, the probate exception is not applicable at all to some of the orders on appeal and has only questionable relation to the others. The Order Consolidating Adversary Proceedings 22-03105 and 24-03035

-6-

(Main Case, Dkt. 632) is a procedural order germane only to this court. The Order Granting Chapter 7 Trustee's Motion for Order: 1) Approving Abandonment of the Estate's Interest in the Inherited IRA and Two Required Minimum Distributions; 2) Authorizing the Trustee to Remit One of the Required Minimum Distribution Funds to the Debtor (Main Case, Dkt. 630) is, as discussed above, subject to the court's prior Sequestration Orders (Main Case, Dkts. 156, 315), interpretation of which is solely the jurisdiction of this court, not the state court.

The court agrees that ownership of the Arizona painting is a discrete question that should be decided by probate court. The orders on abandonment of IRA funds, personal property and stay relief are so intertwined with all the bankruptcy matters described here and in the reasoning for each of the five orders, that they cannot be separated. Once the bankruptcy issues are resolved, the rest might well be sent to the probate court for determination.[3]

As to the second factor, the Appellants have not shown that substantial harm will come to them if the Motion is not granted. If it does turn out that Appellants are entitled to certain property Debtor currently claims is part of the bankruptcy estate, any liability Debtor may owe to Appellants would be based on post-petition conduct and not be discharged, and property improperly retained could be returned to the Appellants.

---

[3] If Appellants pursue the appeals of any of the five orders, the District Court can consider whether those appeals are interlocutory, timely or have merit. Those are inquiries which this court lacks jurisdiction to address.

-7-

The third factor is neutral. The only harm that Debtor and the Trustee would be subject to during a stay pending appeal is further delay. In a nearly three-year old case, this harm is minimal.

As to the fourth factor, there are not sufficient public interest implications to merit a suspension pending appeal of the five orders. There are competing public interests in both probate and bankruptcy proceedings being resolved efficiently and according to the law. The rest of the disputes boil down to a private matter between embattled family members and do not implicate the public at all.

Having considered these factors, the court will also deny the request to suspend any aspect of this bankruptcy case in its disposition of the Motion.

**IV.   CONCLUSION**

For the reasons stated above, the court will by separate order DENY the Motion.

**END OF MEMORANDUM DECISION**

-8-

1  <u>COURT SERVICE LIST</u>
   ECF Recipients
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-9-